UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| STEPHEN BRIAN TURNER,<br><br>    Plaintiff,<br><br>vs.<br><br>MATTHEW CATE, Secretary of the California Department of Corrections in his Official Capacity; ROBERT AMBROSELLI, Acting Director of Adult Parole, in his Official Capacity; ARNOLD SCHWARZENEGGER, Governor of California, in his Official Capacity,<br><br>    Defendants. | Case No: C 10-560 SBA (PR)<br><br>**ORDER: (1) DENYING PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER, MOTION FOR APPOINTMENT OF COUNSEL AND TO SEAL EXHIBITS; (2) DENYING MOTIONS FOR LEAVE TO AMEND; and (3) TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE**<br><br>Docket 9, 10, 11 |

    Plaintiff Stephen Turner was recently paroled from state prison following his incarceration based on a California criminal conviction. As a result of a prior misdemeanor conviction for indecent exposure, he is subject to the Sexual Predator Punishment and Control Act (SPPCA), commonly referred to as "Jessica's Law," which prohibits a registered sex offender from residing within 2,000 feet of any school or any "park where children regularly gather." Cal.Pen.Code, § 3003.5(b). Plaintiff filed the instant action pro se against various state defendants alleging that the SPPCA is unconstitutional, both facially and "as applied."

    Several matters are presently before the Court: (1) Plaintiff's Emergency Ex Parte Motion for Temporary Restraining Order, Preliminary Injunctive Relief; Declaratory Judgment; and Protective Order; and Order to Seal Certain Exhibits; and Motion for Appointment of Counsel; Memorandum of Law; Declaration of Stephen Turner in Support Thereof ("Ex Parte Motion for TRO") (Docket 10); (2) Plaintiff's motion to seal documents in support of his Ex Parte Motion for TRO (Docket 10); (3) Plaintiff's motion for appointment of counsel (Docket 10); and (4) Plaintiff's motions for leave to file a Second Amended Complaint

and Third Amended Complaint (Docket 9, 11).  In addition to these motions, the Court will screen the First Amended Complaint in accordance with 28 U.S.C. § 1915A.

I.     **BACKGROUND**

In 1993, Plaintiff was convicted following a jury trial on misdemeanor charges of indecent exposure, Cal. Pen. Code § 314.1.  First Am. Compl. (FAC) at 5, 8.  According to Plaintiff, the charged conduct involved an adult, not a minor.  Id.  The trial court sentenced Plaintiff to thirty days work release and three years probation, but did not require him to register as a sex offender.  Id.  In 1996, Plaintiff succeeded in having his conviction dismissed, pursuant to Penal Code section 1203.4.  Id.  Section 1203.4 permits a convicted defendant who "has fulfilled the conditions of probation for the entire period of probation, or has been discharged prior to the termination of the period of probation" to have the verdict set aside and the charges dismissed.

In 2006, Plaintiff, then a physician, was convicted of offenses ostensibly unrelated to his prior indecent exposure charge.  Specifically, Plaintiff pled guilty to charges of:  (1) grand theft, Cal. Pen. Code § 487(a); (2) offering false records, id. § 115(a); (3) improper biological specimen handling, Cal. Bus. & Prof. Code § 1282.3(a); and (4) practicing medicine without a license, id. § 2052(a).  He was sentenced to a prison term of seven years and eight months.  Id. at 9.  On January 5, 2010, Plaintiff was released on parole based on his receipt of good time credits while incarcerated.  Id.  His release is conditioned upon his compliance with Special Conditions of Parole, which are applicable to sex offenders.

On January 11, 2010, Plaintiff filed a Petition for Writ of Habeas Corpus, Memorandum of Points and Authorities, and Application to Immediate Stay of Enforcement of California Department of Corrections and Rehabilitation Policy No. 07-36 in the Alameda County Superior Court.  Id.  On June 22, 2010, the state court ruled as follows:  "The Application is denied without prejudice to its renewal after the decision in E.J.  The Court's ruling on the Petition is on or before March 12, 2010."  Id.  "E.J." presumably refers to the California Supreme Court's then anticipated ruling in In re E.J., 47 Cal.4th 1258 (2010), which involved a habeas action brought by registered sex offenders on parole for non-sex offenses who were

2

challenging a condition of their parole (under the SPPCA) forbidding them from living within 2,000 feet of any school or park where children regularly gather.[1]

As noted, Plaintiff is subject to the SPPCA, and its residency restrictions are included as conditions of his parole, meaning that he cannot live with his family because their dwelling allegedly is within 2,000 of a school and park.  He also claims that on February 24, 2010, Plaintiff was "forced" to agree to new parole conditions, which include the threat of reincarceration if he becomes engaged to his girlfriend.  He also is precluded with visits with his ten year old daughter.

On February 9, 2010, Plaintiff commenced the instant action to challenge the constitutionality of the SPPCA, facially and as applied, as well as the various Special Conditions of Parole to which he is subject as a result of his sex offender status.  The crux of these claims is that the SPPCA is unconstitutional facially and as applied because it requires him to register as a sex offender based on an offense that occurred prior to the enactment of the law and that was dismissed under Penal Code section 1203.4.  The Complaint named as defendants: Matthew Cate, Secretary of the California Department of Corrections in his Official Capacity; Robert Ambroselli, Acting Director of Adult Parole, in his Official Capacity; and Arnold Schwarzenegger, Governor of California, in his Official Capacity.

On February 16, 2010, Plaintiff filed a 29-page First Amended Complaint, which alleges four claims for relief:  (1) violation of substantive and procedural due process under the Fifth and Fourteenth Amendments; (2) violation of the Eighth Amendment for cruel and unusual punishment; (3) violation of the Ex Post Facto Clause of the United States Constitution; and (4) unconstitutional inconsistency between California Penal Code section 1203.4 and section 3003.5.  The Court granted Plaintiff IFP status on March 4, 2010.

On February 22, 2010, Plaintiff filed a Motion for Leave to File Second Amended Complaint.  (Docket 8.)  On March 1, 2010, Plaintiff filed a Motion for Leave to File Third

---

[1] Under the SPPCA, which resulted from the passage of Proposition 83 in 2006, persons subject to the lifetime sex offender registration requirement set forth in Penal Code section 290 are subject to restrictions as to where they can reside.

Amended Verified Complaint, along with a copy of his proposed 100-page proposed Third Amended Complaint, attached to which are numerous exhibits.  (Docket 11.)  On the same date, Plaintiff filed an "Emergency Ex Parte Motion for Temporary Restraining Order, Preliminary Injunctive Relief; Declaratory Judgment; and Protective Order; and Order to Seal Certain Exhibits; and Motion for Appointment of Counsel; Memorandum of Law; Declaration of Stephen Turner in Support Thereof."  (Docket 10.)

## II.     DISCUSSION

### A.     EX PARTE EMERGENCY MOTION

Without providing notice to Defendants, Plaintiff filed an Ex Parte Motion for TRO to: (1) enjoin enforcement of the residency restrictions under the SPPCA; (2) declare the parole condition restricting his residency unconstitutional; (3) enjoin enforcement of the no contact order with respect to minors; (4) enjoin enforcement of the parole condition that states, "You may not date, socialize or form a romantic relationship relationship with any person who has physical custody of a minor without prior written approval . . . .'"; (5) enjoin enforcement of the parole condition that requires Plaintiff to report any contact with a minor to his probation officer, even if that contact is "accidental"; (6) enjoin enforcement of the parole condition that prevents him from contacting "victims" of his purported 1984 conviction for "Lewd and Dissolute" conduct on the ground that no such conviction was suffered; (7) enjoin enforcement of the parole condition requiring him to remain in his home between the hours of 10:00 p.m. and 6:00 a.m.; (8) enjoin enforcement of the parole condition that forbids him from viewing or possessing any material "considered obscene"; (9) enjoin enforcement of the parole condition preventing Plaintiff from leaving Alameda County; and (10) enjoin enforcement of the parole condition that states, "You will not be alone in a private residence or room with a female without prior [probation department] approval."  He also seeks an order to have another parole officer assigned to his case.  See Ex Parte Mot. for TRO at 3-8.

In addition to the above requests, Plaintiff's motion seeks the appointment of counsel, and for the Court to seal the exhibits accompanying his motion.

**1.     Request for a TRO**

The standard for a TRO is the same as for a preliminary injunction. See Lockheed Missle & Space Co. v. Hughes Aircraft, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995); c.f., Motor Vehicle Board of Cal. v. Orrin W. Fox, 434 U.S. 1345, 1347 n.2 (1977). To obtain preliminary injunctive relief, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) a balance of equities tips in the favor of the moving party; and (4) that an injunction is in the public interest. Winter v. Natural Res. Def. Council, Inc., ---U.S. ---, 129 S.Ct. 365, 376 (2008). "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (emphasis in original). The decision of whether to grant or deny a motion for preliminary injunctive relief is a matter of the district court's discretion. Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009).

Federal Rule of Civil Procedure 65 limits the circumstances in which a court may issue an ex parte TRO; that is, a TRO without notice to the opposing party. Specifically, Rule 65(b) states that:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney *only if*:
> (A) specific facts in an affidavit or a verified complaint clearly show that *immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition*; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b) (emphasis added); accord N.D. Cal. Civ. R. 65-1(b).

The Court is not persuaded that Plaintiff made a clear showing that he will suffer irreparable injury before Defendants can be heard in opposition to Plaintiff's motion. See Fed.R.Civ.P. 65(b). Plaintiff claims that unless the restrictions imposed by the SPPCA are held in abeyance, he will have nowhere to live. Specifically, Plaintiff alleges that he is residing in a motel paid by the State, but that such funding only lasts three months from his parole date,

1  which was January 5, 2010.  Ex Parte Mot. for TRO at 11.  He further claims that he cannot
2  live with family members without running afoul of his residency restrictions.  Id.  However,
3  Plaintiff fails to allege any specific information regarding where these unspecified family
4  members reside.  Without such facts, the Court is not in a position to ascertain the veracity of
5  his claim that he has no alternative living arrangement.  Moreover, Plaintiff's claim of urgency
6  is suspect given his delay in filing this motion.  Plaintiff has known since his release in January
7  2010 that the State's payments for his motel were temporary.  Yet, Plaintiff waited until the last
8  minute before applying for a TRO.  Cf. Oakland Tribune, Inc. v. Chronicle Pub. Co., 762 F.2d
9  1374, 1377 (9th Cir. 1985) (delay in seeking injunctive weighs against a finding of urgency).[2]
10       Plaintiff also has made an inadequate showing regarding his alleged efforts to afford the
11 requisite notice to Defendants.  See Fed.R.Civ.P. 65(b).  The Ninth Circuit has cautioned that
12 there are "very few circumstances justifying the issuance of an ex parte TRO."  See Reno Air
13 Racing Assoc. Inc. v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006).  For instance, notice may
14 be excused where it "is impossible either because the identity of the adverse party is unknown
15 or because a known party cannot be located in time for a hearing."  Id.  Or, notice may not be
16 required where providing "notice to the defendant would render fruitless the further
17 prosecution of the action" because the adverse party is likely to destroy evidence.  Id.
18       In this case, Plaintiff has not demonstrated that any of the exceptions to the presumptive
19 notice requirement are applicable.  Notice could and should have been given since Plaintiff has
20 identified the Defendants by name and all are State public officials who can easily be located.
21 Nonetheless, Plaintiff attempts to skirt the notice requirement by claiming that "Defendants
22 have already been alerted to the pendency of this ex parte action and have been invited to
23 appear."  Ex Parte Mot. for TRO at 24.  Again, Plaintiff fails to present any facts to support this

---

[2] The Court also notes that Plaintiff filed a habeas petition in state court seeking a stay of Jessica's Law.  Ex Parte Mot. at 9-10.  According to Plaintiff, the state court denied his petition without prejudice to renewal following the California Supreme Court's decision in In re E.J., which the Court rendered on February 1, 2010.  It is unclear whether Plaintiff renewed his request for habeas relief in state court.

1  vague and conclusory assertion.  For example, Plaintiff fails to specify when, in what manner,
2  and to whom he alerted regarding the "pendency of this ex parte action."
3       For the above reasons, Plaintiff's request for an ex parte TRO is DENIED.  However,
4  a number of the parole conditions raise sufficiently serious questions that should be addressed
5  in an expedited manner in the context of a motion for preliminary injunction.  Therefore, as
6  will be discussed below, the Court will order service of the First Amended Complaint upon
7  Defendants, who then will be directed to show cause while a preliminary injunction should not
8  be issued against Defendants.

### 2.  Motion for Appointment of Counsel

There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation.  See Lassiter v. Dep't of Soc. Servs., 452 U.S. 18, 25 (1981); Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), withdrawn in part on other grounds on reh'g en banc, 154 F.3d 952 (9th Cir. 1998) (en banc).  The court may ask counsel to represent an indigent litigant under 28 U.S.C. § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See id. at 1525; Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).  Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915.  See id.

The Court is unable to assess at this time whether exceptional circumstances exist which would warrant seeking volunteer counsel to accept a pro bono appointment.  The proceedings are at an early stage and it is premature for the Court to determine Plaintiff's likelihood of success on the merits.  Moreover, Plaintiff, a former doctor, has been able to articulate his claims adequately pro se in light of the complexity of the issues involved.  See Agyeman v. Corrs. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004).  Indeed, Plaintiff's prolific filings— which have included the submission of four complaints and numerous motions and other

7

filings—belie Plaintiff's inability to articulate his claims in this case.  Accordingly, Plaintiff's request for appointment of counsel at this time is DENIED without prejudice.

### 3. Motion to Seal Exhibits

Plaintiff seeks an order sealing Exhibits A through D which are attached to his Ex Parte Motion for TRO.  These documents consist of copies of parole conditions and his California Criminal History Information.  The procedure for requesting to file a portion of a document under seal is set forth in Civil Local Rule 79-5(c).  Compliance with this rule is required, irrespective of whether the party is represented by counsel or acting pro se.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants").  Because Plaintiff failed to follow the proper procedure for filing an exhibit under seal, his request to seal the exhibits attached to his ex parte motion is DENIED.

### B. SUFFICIENCY OF THE FIRST AMENDED COMPLAINT

#### 1. Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  Id. § 1915A(b).  Pro se pleadings must be liberally construed, however.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

#### 2. Legal Claims

The SPPCA was enacted by California voters on November 7, 2006.  It prohibits registered sex offenders from residing within 2,000 feet of any public or private school or park

8

where children regularly gather, Cal. Penal Code § 3003.5, and requires them to be monitored by a global positioning system (GPS) for parole, id. § 3000.07, and for life, id. § 3004. Plaintiff claims that these provisions of the SPPCA unfairly prohibit him from living with family or his girlfriend. He also claims that the SPPCA unfairly applies to persons convicted of misdemeanors, is inconsistent with and penalizes him for an offense that has been dismissed under Penal Code section 1203.4, constitutes an impermissible ex post facto law.

On February 1, 2010, the California Supreme Court rendered its decision in In re E.J. in which rejected a challenge by parolees that application of the SPPCA's residency restrictions constitutes an impermissible retroactive application of the statute because it attaches new legal consequences to their convictions of registrable sex offenses suffered prior to the passage of Proposition 83. In re E.J., 2010 WL 337150 at *34-35. The Court also rejected the petitioners' related claim that the SPPCA violates the ex post facto clauses contained in the United States and California constitutions. Id. However, the Court found that their "as applied" challenge, i.e., that the SPPCA infringes on their right to substantive due process rights, right to privacy, property rights and right to intrastate travel, could not be resolved based on the record presented. Id. Rather, the Court held that "[t]he trial courts of the counties to which petitioners have been paroled are in the best position to conduct such hearings and find the relevant facts necessary to decide the remaining claims in their respective jurisdictions." Id.

The Court's decision in In re E.J. disposes of Plaintiff's ex post facto claim. However, that decision does not appear to resolve Plaintiff's remaining challenges. Liberally construed, Plaintiff's remaining claims appear to state cognizable claims under section 1983 that merit a response. The Court will therefore order service of the First Amended Complaint (Docket 6) on Defendants Cate, Ambroselli and Schwarzeneger. See Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) (when seeking injunctive relief, plaintiff does not have to establish same narrow causal connection between his injuries and a responsible defendant as when seeking damages).

Plaintiff appears to be attempting to sue Defendant Schwarzenegger in his capacity as a supervisor. A supervisor may be liable under § 1983 upon a showing of personal involvement in the constitutional deprivation or a sufficient causal connection between the supervisor's

1  wrongful conduct and the constitutional violation. Redman v. County of San Diego, 942 F.2d
2  1435, 1446 (9th Cir. 1991) (en banc) (citation omitted).  A supervisor therefore generally "is
3  only liable for constitutional violations of his subordinates if the supervisor participated in or
4  directed the violations, or knew of the violations and failed to act to prevent them." Taylor v.
5  List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Under no circumstances is there respondeat superior
6  liability under § 1983.  That is, under no circumstances is there liability under § 1983 solely
7  because one is responsible for the actions or omissions of another.  Id.  Here, Plaintiff's
8  allegations do not support a theory of liability against Defendant Schwarzenegger for the
9  asserted injuries based upon their personal participation or policymaking decisions.
10 Accordingly, the supervisory liability claim against Defendant Schwarzenegger is DISMISSED
11 WITH LEAVE TO AMEND.  If Plaintiff can in good faith allege facts to cure the pleading
12 deficiency he may add this information to his amendment to the complaint.

        **C.**     **MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**

A party may amend its pleading once without leave of court.  Fed.R.Civ.P. 15(a)(1).
Thereafter, a party may amend its pleading "only with the opposing party's written consent or
the court's leave.  The court should freely give leave when justice so requires."  Id. 15(a)(2).
Pursuant to Rule 8(a), however, a pleading setting forth a claim for relief, must contain:
(1) a short and plain statement of the grounds upon which the court's jurisdiction depends;
(2) a short and plain statement of the claim showing that the pleader is entitled to relief, and
(3) a demand for judgment for the relief pleader seeks.  Fed.R.Civ.P. 8(a); Bautista v. Los
Angeles County, 216 F.3d 837, 840 (9th Cir. 2000).

"The Federal Rules require that averments 'be simple, concise, and direct.'"  McHenry
v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996).  Plaintiff's proposed Third Amended Complaint
fails to comport with that requirement.  Approximately 76 of the 101 pages that comprise
Plaintiff's proposed complaint consist of what is styled as a "Memorandum of Law," which
appears to be a brief in support of his complaint.  Although legal conclusions may provide the
framework for a complaint, it is the factual allegations that determine the plausibility of the
claims alleged.  See Ashcroft v. Iqbal, --- U.S. ---, 129 S.Ct. 1937, 1949 (2009) ("A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (internal quotation marks omitted).  Prolix and confusing complaints, such as the proposed Third Amended Complaint, impose unfair burdens on litigants and the court and fail to perform the essential functions of a complaint.  See McHenry, 84 F.3d at 1179-80.  Thus, Plaintiff's motions for leave to file a Second Amended Complaint and a Third Amended Complaint are DENIED.[3]

### III.   CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.   Plaintiff states the following cognizable claims for relief against Defendants Cate and Ambroselli:  (1) violation of substantive and procedural due process under the Fifth and Fourteenth Amendments; (2) violation of the Eighth Amendment for cruel and unusual punishment; and (3) unconstitutional inconsistency between California Penal Code section 1203.4 and section 3003.5.

2.   The Court's decision in In re E.J. disposes of Plaintiff's ex post facto claim; therefore, that claim is DISMISSED WITH PREJUDICE.

3.   Plaintiff has not alleged facts sufficient to state a claim for supervisory liability against Defendant Schwarzenegger; therefore, the supervisory liability claim against him is DISMISSED WITH LEAVE TO AMEND.  Within **thirty (30) days** of the date of this Order Plaintiff may file an amended supervisory liability claim against Defendant Schwarzenegger as set forth above in Section II(B)(2) of this Order.  (Plaintiff shall resubmit only his amended supervisory liability claim and not the entire complaint.)  The failure to do so will result in the dismissal without prejudice of his supervisory liability claim against Defendant Schwarzenegger.

4.   The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of this Order,

---

[3] Plaintiff's proposed Second Amended Complaint, though shorter, also fails to comply with Rule 8, and will not be allowed at this juncture.

and a copy the amended complaint (Docket 6) and all attachments thereto to the following Defendants: **Matthew Cate, Secretary of the California Department of Corrections; and Robert Ambroselli, Acting Director of Adult Parole.** The Clerk shall also mail a copy of the amended complaint and all attachments thereto, as well as a copy of this Order to the State Attorney General's Office in San Francisco.  Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

     5.    Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint.  Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form.  If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent.  (This allows a longer time to respond than would be required if formal service of summons is necessary.)  Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons.  If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

     6.    Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure.  The following briefing schedule shall govern dispositive motions in this action:

        a.    No later than **ninety (90) days** from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.  If Defendants are of the opinion that this case cannot be

resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

      b.      Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **sixty (60) days** after the date on which Defendants' motion is filed. The Ninth Circuit has held that the following notice should be given to pro se plaintiffs facing a summary judgment motion:

> The defendant has made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

      Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendants' dispositive motion. Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

**1**      c.      If Defendants wish to file a reply brief, they shall do so no later than
**2** **thirty (30) days** after the date Plaintiff's opposition is filed.
**3**      d.      The motion shall be deemed submitted as of the date the reply brief is
**4** due.  No hearing will be held on the motion unless the Court so orders at a later date.
**5**   7.      Discovery may be taken in this action in accordance with the Federal Rules of
**6** Civil Procedure.  Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants
**7** to depose Plaintiff and any other necessary witnesses confined in prison.
**8**   8.      All communications by Plaintiff with the Court must be served on Defendants,
**9** or Defendants' counsel once counsel has been designated, by mailing a true copy of the
**10** document to Defendants or Defendants' counsel.
**11**   9.      It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court
**12** informed of any change of address and must comply with the Court's orders in a timely
**13** fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute,
**14** pursuant to Federal Rule of Civil Procedure 41(b).
**15**   10.     Extensions of time are not favored, though reasonable extensions will be
**16** granted.  Any motion for an extension of time must be filed no later than **fifteen (15) days**
**17** prior to the deadline sought to be extended.
**18**   11.     Plaintiff's request for an ex parte TRO is DENIED.  (Docket 10.)  However, as
**19** mentioned above, a number of the parole conditions raise sufficiently serious questions that
**20** should be addressed in an expedited manner in the context of a motion for preliminary
**21** injunction.  Therefore, Defendants are directed -- at the same time they file their Answer to the
**22** amended complaint -- to show cause while a preliminary injunction should not be issued
**23** against them.  In order to expedite the resolution of this case, the Court orders as follows:
**24**      a.      On the same date their Answer is due, Defendants shall respond to
**25** Plaintiff's motion for preliminary injunction.  The response to the motion for preliminary
**26** injunction shall be supported by adequate factual documentation and shall conform in all
**27** respects to the Federal Rules of Civil Procedure, and all papers filed with the Court shall be
**28** promptly served on Plaintiff.  Defendants are specifically directed to inform the Court of any

14

plans to transfer Plaintiff to another prison or to house him in any location other than the SHU or the infirmary at Pelican Bay State Prison.

        b.      Plaintiff may file a reply within **thirty (30) days** of the date Defendants' response is filed.  Plaintiff's reply should be supported by factual documentation and should demonstrate why Plaintiff satisfies the standard for assessing a motion for preliminary injunction, which is set forth in Winter, and has been outlined above.

        c.      The Prison Litigation Reform Act requires further that preliminary injunctions relating to prison conditions "be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm."  18 U.S.C. § 3626(a)(2).  The Court must give "substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief."  Id.

12.    Plaintiff's request for appointment of counsel at this time is DENIED without prejudice.  (Docket 10.)

13.    Plaintiff's request to seal the exhibits attached to his ex parte motion is DENIED.  (Docket 10.)

14.    Plaintiff's motions for leave to file a Second Amended Complaint and a Third Amended Complaint are DENIED.  (Docket 9, 11.)

15.    This Order terminates Docket 9, 10, and 11.

IT IS SO ORDERED.

Dated: March 18, 2010

                                            SAUNDRA BROWN ARMSTRONG
                                            United States District Judge

1  UNITED STATES DISTRICT COURT
   FOR THE
2  NORTHERN DISTRICT OF CALIFORNIA

3
   STEPHEN B. TURNER,
4
              Plaintiff,
5
     v.
6
   MATTHEW CATE et al,
7
              Defendant.
8  _____/

9
                                          Case Number: CV10-00560 SBA
10
                                          **CERTIFICATE OF SERVICE**
11

12 I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

13
   That on March 18, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said
14 copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing
   said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle
15 located in the Clerk's office.

16

17
   Stephen B. Turner
18 1350 Via La Paloma
   San Lorenzo, CA 94580
19
   Dated: March 18, 2010
20                                        Richard W. Wieking, Clerk

21                                                 By: LISA R CLARK, Deputy Clerk

22

23

24

25

26

27

28

16