IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN B. TURNER,<br><br>    Plaintiff,<br><br>  v.<br><br>MATTHEW CATE, et al.,<br><br>    Defendants. | No. C 10-00560 SBA (PR)<br><br>**ORDER DIRECTING PLAINTIFF TO SHOW CONTINUED INTENT TO PROSECUTE THIS ACTION AND TO PROVIDE COURT WITH CURRENT ADDRESS** |

    Plaintiff filed the instant pro se civil rights complaint under 42 U.S.C. § 1983.

    Pursuant to Federal Rule of Civil Procedure 41(b), a district court may sua sponte dismiss an action for failure to prosecute or to comply with a court order. See Link v. Wabash R.R., 370 U.S. 626, 633 (1962); McKeever v. Block, 932 F.2d 795, 797 (9th Cir. 1991). But such a dismissal should only be ordered when the failure to comply is unreasonable. See id. A district court should afford the litigant prior notice of its intention to dismiss. See Malone v. United States Postal Serv., 833 F.2d 128, 133 (9th Cir. 1987). Pursuant to Northern District Local Rule 3-11, a party proceeding pro se whose address changes while an action is pending must promptly file and serve upon all opposing parties a notice of change of address specifying the new address. See L.R. 3-11(a). The Court may, without prejudice, dismiss a complaint or strike an answer when: (1) mail directed to the attorney or the pro se party by the court has been returned to the court as not deliverable, and (2) the court fails to receive within sixty days of this return a written communication from the attorney or pro se party indicating a current address. See L.R. 3-11(b).

    In the instant case, it has been two months since Plaintiff has communicated with the Court. On October 8, 2010, Plaintiff filed a motion to continue the hearing on Defendants' motion to dismiss previously set for November 16, 2010. The Court construed Plaintiff's motion as a request for an extension of time to file his opposition to Defendants' motion to dismiss, and granted him a brief extension up to and including December 27, 2010 to file his opposition. The Court also

1 vacated the hearing set for November 16, 2010.  Furthermore, on November 1, 2010, mail delivered
2 to Plaintiff was returned as undeliverable.  Accordingly, it is in the interests of justice and judicial
3 efficiency for the Court to establish Plaintiff's current address and whether he intends to continue to
4 prosecute this action.

In light of the foregoing, Plaintiff shall file with the Court a notice of his current address and his continued intent to prosecute no later than **thirty (30) days** from the date of this Order.  Failure to timely do so shall result in **dismissal of this action without prejudice** under Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 12/9/10

SAUNDRA BROWN ARMSTRONG
United States District Judge

**United States District Court**
For the Northern District of California

G:\PRO-SE\SBA\CR.10\Turner0560.41bNotice.wpd            2

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

STEPHEN B. TURNER,

   Plaintiff,

 v.

MATTHEW CATE et al,

   Defendant.
_____ /

Case Number: CV10-00560 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 10, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Stephen B. Turner #AVY713
Santa Rita County Jail
5325 Broader Blvd.
Dublin,  CA 94568

Dated: December 10, 2010

    Richard W. Wieking, Clerk
    By: LISA R CLARK, Deputy Clerk

G:\PRO-SE\SBA\CR.10\Turner0560.41bNotice.wpd   3